EXHIBIT
B

ELECTRONICALLY FILED - 2023 Dec 22 11:25 AM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006222

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
Case No.: 2023-CP-10-___________

HELENA MANIGAULT

Plaintiff

v.

PUBLIX SUPERMARKETS, INC., and
PUBLIX ASSET MANAGEMENT COMPANY, INC.,

Defendants.

**SUMMONS**

(JURY TRIAL DEMANDED)

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to Answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint upon the Plaintiff through her attorney, Charles E. Houston Jr., Esquire, at The Houston Law Firm, LLC 1011 BY Street, Suite 2A, Beaufort, SC 29902 within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to Answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

The Houston Law Firm LLC
1000 Main Street, Suite 200C
Hilton Head Island, SC 29926
Phone: 843-715-9078
*chouston@houstonlawflrm.net*

By: *S/ Charles E. Houston, Jr.*
Charles E. Houston, Jr.
Attorney for Plaintiff
SC Bar# 2663/ Fed Bar# 1961

December 21, 2023

Beaufort, SC

ELECTRONICALLY FILED - 2023 Dec 22 11:25 AM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006222

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
Case No.: 2022-CP-10-___________

HELENA MANIGAULT,

Plaintiff,

v.

PUBLIX SUPERMARKETS, INC., and
PUBLIX ASSET MANAGEMENT COMPANY, INC.,

Defendants.

**COMPLAINT**

(JURY TRIAL DEMANDED)

TO THE ABOVE-NAMED DEFENDANTS:

The Plaintiff, HELENA MANIGAULT, by her undersigned attorney, alleges in her Complaint against the Defendants, Publix Super Markets, Inc., and Publix Asset Management Company, Inc., the following:

1. The Plaintiff (hereinafter "Helena Manigault") is a citizen of the State of South Carolina, County of Charleston.

**DEFENDANTS**

2. Publix Supermarkets, Inc. and Publix Asset Management Company, Inc. (hereinafter "PUBLIX',) are corporate entities that together and in combination have various commercial facilities located in many States of the United States, including the State of South Carolina. Upon information and belief, Publix is incorporated in Florida and licensed and doing business in the County of Charleston, State of South Carolina.

3. That upon information and belief, Publix, is an entity are all under another umbrella entity which owns and controls them as subsidiaries and upon being identified should be joined as a party defendant.

ELECTRONICALLY FILED - 2023 Dec 22 11:25 AM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006222

## JURISDICTION

4. The parties hereto and subject matter of this action and all things hereinafter alleged are within the jurisdiction of this Honorable Court in that the tort occurred in the County of Charleston, South Carolina.

5. Upon information and belief, at all times herein mentioned, Defendant was the owner and/or operator in possession and control of the Publix store # 0449 located in Queensboro Shopping Center on Johnny Dobbs Boulevard in Mount Pleasant, South Carolina, to which the general public was invited to come and purchase merchandise therein offered for sale, and where Helen Manigault was injured as more particularly set forth below.

6. On or about the evening of December 24, 2020, Helena Manigault and her mother were patrons and business invitee of Publix.

7. At all times mentioned herein, Publix owed a duty to all business invitees, including Helen Manigault, not to injure her by the negligence of its agents or employees and to use due care to discover and eliminate any unsafe conditions or to warn of unreasonable risks within the store.

8. On or about evening of December 24, 2020, Helen Manigault, while exiting her vehicle from where she had parked in the Handicap zone in front of Publix store# Mount Pleasant, South Carolina, through no fault of her own, suddenly and without warning, slipped and fell over a tree root in front of the main entrance to the store.

9. The area where the Plaintiff fell was a non-paved path through the trees that had been developed by usage over many years and whose usage had

ELECTRONICALLY FILED - 2023 Dec 22 11:25 AM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006222

accelerated during the Covid 19 epidemic in 2020 as patrons would use this path to avoid contacting other patrons exiting the store.

10. That the Defendants management was aware of this path from their personal observance, their security cameras and there upkeep, cleaning and making repairs to the exterior premises.

11. Publix created the aforementioned hazard by failing to properly maintain adequate lighting in the area of the path, by not making the path free of obstacles or either prohibiting by signs and fencing pedestrian traffic through this area.

12. The careless, negligent, grossly negligent, willful, wanton, and reckless acts and omissions of Publix, including by and through its agents, servants, and employees acting within the scope of their employment or duty was the direct and proximate cause of the injuries and damages complained of herein by Helen Manigault, said acts being in violation of the applicable laws governing the actions of Defendant including but not limited to any applicable statutes, laws, rules, guidelines, regulations, codes, practices, procedures, or protocols governing the actions of the Defendant in at least one of the following particulars:

a. In failing to properly maintain, the hazardous condition and/or properly maintain the path in front of the customer service counter;

b. In failing to and/or omitting to inspect, maintain, and keep its premises clear of any danger to its customers, including Helen Manigault;

c. In permitting a dangerous hazard to exist on its premises when Publix knew, or should have known, that such a danger would constitute a hazard;

d. In failing to properly maintain the path area in a reasonably safe condition;

e. In failing to follow reasonable preventative maintenance procedures;

ELECTRONICALLY FILED - 2023 Dec 22 11:25 AM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006222

f. In failing to remedy said dangerous condition;

g. In failing to correct or warn of the dangerous condition within a reasonable time after Publix knew or should have known of the dangerous condition existing;

h. In failing to give proper and adequate warnings as to the condition existing, through signs and other means

i. In failing to take precautions regarding said hazardous and dangerous conditions present;

j. In failing to install a adequate lighting on the exterior premises.

k. In failing to exercise that degree of care and caution that a reasonable and prudent business owner would have used under the same or similar circumstances including, but not limited to, discovery, remedying, and warning of latent defects and said dangerous conditions;

l. In violating any applicable statutes, laws, rules, guidelines, regulations, codes, technical specifications, methods, practices, procedures, and/or protocols, including those of Publix;

m. In having complete disregard for the safety of its invitees; and

n. In other ways that a judge or jury may determine.

13. That at all times relevant, Publix knew, should have known, had actual notice, or had constructive notice of the dangerous condition which caused the damages herein described and of the matters set forth in this complaint, including, the above specifications of negligence, gross negligence, recklessness, willfulness, and wantonness regarding the said area which was under the direct ownership, dominion, possession, or control of Publix by and through its agents, servants, and employees acting within the scope of their duty.

14. As a direct and proximate result of one or more of the aforesaid acts of negligence, grossly negligence, carelessness, willfulness, wantonness, or

ELECTRONICALLY FILED - 2023 Dec 22 11:25 AM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006222

recklessness of Publix, their agents, servants or employees, Helen Manigault sustained the following injuries and damages:

a. Suffered injuries about various parts of her body, including, but not limited to, a sprained ankle, injured and swollen knees necessitating a leg brace and crutches. She was prescribed rehabilitation therapy to restrengthen her bodily parts that were injured.

b. Has incurred, and will incur in the future, substantial medical bills.

c. Is informed and believes she has suffered permanent impairment to her bilateral knees; d. Has experienced in the past, and will experience in the future, right wrist pain, bilateral knee pain requiring injections, and hip pain and discomfort.

e. Has been limited from performing the daily living activities, which she performed and enjoyed performing before the injuries; and,

f. Has experienced inconvenience.

15. All to her damage in such amount of actual damages exceeding the sum of Seventy-Five Thousand ($75,000.00) Dollars as determined by the trier of fact.

WHEREFORE, Helen Manigault prays for judgment against Publix for such amount of actual and punitive damages exceeding the sum of Seventy-Five Thousand ($75,000.00) Dollars as determined by the trier of fact; for the costs of this action; and for such other and further relief as may be just and proper.

The Houston Law Firm, LLC
1011 Bay Street, Suite 2A
Beaufort, SC 29902
Phone: 843-524-1800
Cell: 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
chouston@houstonlawflrm.net

By: S/ *Charles E. Houston, Jr.*
Charles E. Houston, Jr.
Attorney for Plaintiff

ELECTRONICALLY FILED - 2023 Dec 22 11:25 AM - CHARLESTON - COMMON PLEAS - CASE#2023CP1006222

SC Bar# 2663/ Fed Bar# 1961

Beaufort, SC

December 21, 2023